# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**JOE HOUSTON,**

        **Plaintiff,**

v.                                   Case No: 6:17-cv-1082-Orl-37DCI

**FIFO, INC.,**

        **Defendant.**

## REPORT AND RECOMMENDATION

This cause comes before the Court for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **MOTION FOR ENTRY OF JUDGMENT AFTER DEFAULT AND VERIFIED APPLICATION FOR ATTORNEYS FEES, COSTS, EXPERT FEES AND LITIGATION EXPENSES (Doc. 13)** |
| **FILED:** | **August 4, 2017** |

**THEREON** it is **RECOMMENDED** that the motion be **DENIED without prejudice**.

### I. PROCEDURAL BACKGROUND

On June 14, 2017, Plaintiff filed a Complaint against Defendant alleging a violation of Title III of the Americans with Disabilities Act (ADA). Doc. 1. Plaintiff served Defendant on June 20, 2017. Doc. 6. Defendant failed to respond to Plaintiff's Complaint and the Clerk subsequently entered default against Defendant. *See* Docs. 11; 12. On August 4, 2017, Plaintiff moved for default judgment against Defendant (the Motion). Doc. 13.

II.     **ALLEGATIONS**

In his Complaint, Plaintiff alleged the following: Plaintiff qualifies as an individual with disabilities as defined by the ADA.[1] Doc. 1 at 1. Defendant "owns, leases, leases to, or operates" Valero Barberville, "a place of public accommodation as defined by the ADA,"[2] located at 1692 Hwy 17, Barberville, Volusia County, Florida 32105. *Id*. at 1-2. Plaintiff, a frequent visitor to the area where Valero Barberville is located, visited Valero Barberville[3] and encountered numerous conditions that violated the ADA, including, but not limited to:

   i.    The facility fails to adhere to a policy and procedure to afford goods, services, facilities, privileges, advantages, or accommodations to in individuals with disabilities in violation of 28 C.F.R. Part 36.302

   ii.   The facility fails to properly maintain accessible features and equipment required to be readily accessible to and usable by persons with disabilities in violation of 28 C.F.R. Part 36.211.

   iii.  The facility does not provide an adequately wide path of travel that compiles with [Appendix A to 28 C.F.R. part 36 (ADAAG)] section 403.5.1 of the new and 4.3.3 of the old, whose resolution is readily acheivable.

   iv.   The facility fails to provide required grab bars in all restrooms in violation of section and [sic] 604.5.1 and 604.5.2, of the new ADAAG and 4.17.6 of the old ADAAG, whose resolution is readily achievable.

   v.    The facility fails to adhere to all the required reach limitations, violating section 308.2.1, of the new ADAAG and 4.2.5, 4.2.6 of the old ADAAG, whose resolution is readily achievable.

---

[1] Specifically, Plaintiff alleged that he is unable to walk and is bound to ambulate in a wheelchair. Doc. 1 at 1. Plaintiff further alleged that he has limited use of his hands. *Id*.

[2] Although Plaintiff alleged in the Motion that "Valero Barberville" is a gas station and convenience store, Plaintiff made no allegations in the Complaint regarding the nature of Valero Barberville's business. Further, although not dispositive, the undersigned notes that a Google search did not reveal the presence of a "Valero" gas station at the address that Plaintiff provided.

[3] Plaintiff did not plead the date on which he allegedly visited Valero Barberville.

    vi.    There is insufficient floor space to access all the features in the restroom, violating section 305.5 and 305.3, of the new ADAAG and 4.2.4 of the old ADAAG, whose resolution is readily achievable.

    vii.    The facility fails to properly wrap the plumbing in all the restrooms, violating section 606.5, of the new ADAAG and 4.19.4 of the old ADAAG, whose resolution is readily achievable.

    viii.    The size and arrangement of the toilet stall provide [sic] by the facility is insufficient and fails to meet the requirements of ADAAG, section 604.3.1 of the new and 4.17.3 of the old, whose resolution is readily achievable.

    ix.    This facility provides dispensers in the restrooms that are not properly placed, violating section 604.7 of the new ADAAG, whose resolution is readily achievable.

    x.    There is insufficient access to the flush lever, required by section 604.6, of the new ADAAG and 4.16.5 of the old ADAAG, whose resolution is readily achievable.

    xi.    The facility fails to provide faucets suitable for a disabled person required in section 309.4 and 606.4, of the new ADAAG and 4.19.5 of the old ADAAG, whose resolution is readily achievable.

*Id*. at 3-5.  Plaintiff suffered harm as a result of Defendant's violations and seeks (1) a declaratory judgment that Defendant violated the ADA; (2) injunctive relief against Defendant that includes, in part, an order that Defendant make all readily achievable alterations to the facility and make the facility readily accessible to and usable by individuals with disabilities to the extent required by the ADA; (3) attorney fees, costs, and litigation expenses; (4) all remedies available under 42 U.S.C. §§ 12188 and 2000a-3(a) as the Court deems just and proper; and (5) such other relief as the Court deems just and proper or that is allowable under Title III of the ADA.  *Id*. at 8-9.

## III.    <u>STANDARD OF REVIEW</u>.

The Federal Rules of Civil Procedure establish a two-step process for obtaining default judgment.  First, when a party against whom a judgment for affirmative relief is sought fails to plead or otherwise defend as provided by the Federal Rules of Civil Procedure, and that fact is

made to appear by affidavit or otherwise, the Clerk enters default. Fed. R. Civ. P. 55(a). Second, after obtaining clerk's default, the plaintiff must move for default judgment. Fed. R. Civ. P. 55(b). Before entering default judgment, the court must ensure that it has jurisdiction over the claims and parties, and that the well-pled factual allegations of the complaint, which are assumed to be true, adequately state a claim for which relief may be granted. *See Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975).[4]

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This standard does not require detailed factual allegations, but does demand "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Thus, the "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id*. (quoting *Twombly*, 550 U.S. at 570). To state a plausible claim for relief, a plaintiff must go beyond merely pleading the "sheer possibility" of unlawful activity by a defendant and offer "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citing *Twombly*, 550 U.S. at 556). If a plaintiff fails to meet this pleading standard, then the plaintiff will not be entitled to default judgment.

## IV.   DISCUSSION.

To state a cause of action for discrimination under Title III of the ADA, a plaintiff must initially prove that "(1) [plaintiff] is a disabled individual; (2) the defendant owns, leases, or operates a place of public accommodation; and (3) the defendant discriminated against the plaintiff

---

[4] The Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

within the meaning of the ADA." *Duldulao v. Kennedy Spa, LLC*, 8:10-cv-2607-T-30AEP, 2013 WL 2317729, at * (M.D. Fla. May 28, 2013) (citing 42 U.S.C. § 12182(a)).

Here, Plaintiff has failed to show through well-pled facts that the foregoing elements are satisfied and that Plaintiff is entitled to judgment. A substantially similar complaint was recently considered by the court in *Kennedy v. Paniccia-Indialantic, LLC*, 6:16-cv-2208-Orl-31DCI, 2017 WL 5178182 (M.D. Fla. Nov. 8, 2017). In *Paniccia-Indialantic*, the court entered an order dismissing Plaintiff's complaint for failure to state a claim. In doing so, the court stated, in part, as follows:

> Finally, Paniccia argues that Kennedy has failed to state a claim because the Complaint is impermissibly vague. As to this issue, Paniccia is on much firmer ground.
>
> As noted above, Kennedy contends that she visited the Indialantic Center and encountered architectural barriers in violation of the ADA. (Doc. 1 at 4). The reader would not know it, based on the Complaint, but the Indialantic Center is a shopping center with 23 storefronts. Anyone reading the Complaint would also be left in the dark as to the barriers she encountered, as Kennedy does not include that information. Instead, Kennedy provides a laundry list of violations that allegedly exist at the center—leaving it a mystery as to how she has become aware of them. The alleged violations themselves are described in terms so vague as to defy any effort to independently verify their existence. For instance, Kennedy alleges that
>
>> [t]hat there is a lack of compliant accessible route [sic] connecting the disabled parking spaces with all the goods, services and facilities of the property, with excessive slopes, obstructions, narrow or blocked passageways, lack of sufficient maneuvering space, inaccessible merchandise, narrow merchandise aisles, hazards on ground surfaces, unsecured floor mats/carpeting.
>
> (Doc. 1 at 4). No further information is provided regarding which parking spaces are affected, which of the 23 stores have inaccessible merchandise or unsecured mats, or anything of that nature. And the same holds true for Kennedy's remaining allegations.
>
> As should be obvious, this Complaint—which is substantially similar to complaints filed by Kennedy in hundreds of cases—does not contain sufficient facts to "raise a right to relief above a speculative level" and thereby satisfy Rule 8. It is essentially nothing more than a placeholder. It does not provide fair notice to the Defendant as

> to Plaintiff's claim, and its consideration wastes the time of the parties, and this Court. The Complaint will therefore be dismissed.

*Id*. at *3-4.  The court further noted that Kennedy also failed "to provide even the barest of details about the Defendant, describing it only as an entity that 'owns, leases, leases to, or operates' the Indialantic Center."  *Id* at *4 n.2.

Plaintiff's Complaint in this case suffers from some of the same defects found in *Paniccia-Indialantic*.  Plaintiff provided virtually no well-pled facts regarding Defendant.  Instead, Plaintiff alleged, in conclusory fashion, that Defendant "owns, leases, leases to, or operates a place of public accommodation," without providing any well-pled facts to establish that Valero Barberville was, in fact, a place of public accommodation.[5]  Further, although some of Plaintiff's allegations regarding Defendant's alleged violations contain additional details that were not included in *Paniccia-Indialantic*, Plaintiff's Complaint still includes allegations that are of a vague and conclusory nature.[6]

---

[5] The undersigned further notes that although Plaintiff did not use the phrase "upon information and belief," the undersigned finds Plaintiff's general allegation that Defendant "owns, leases, leases to, or operates a place of public accommodation" to be akin to pleading an allegation "upon information and belief," and that Plaintiff's allegation thus does not constitute a proffer and is not supported by any factual basis.  A vague allegation made on "information and belief" is not sufficient to support a motion for default judgment.  *See Cohan v. Sparkle Two, LLC*, 309 F.R.D. 665, (M.D. Fla. 2015) (noting that because injunctive relief was sought, the plaintiff was required to establish that the correct party was before the Court, and finding that the plaintiff's allegation was insufficient where the plaintiff alleged that, upon information and belief, the defendant was the lessee, operator, owner and lessor of the real property that was the subject of the suit).

[6] For instance, Plaintiff alleges that Defendant's facility fails to adhere to a policy and procedure to afford goods and services to individuals with disabilities, without providing any further detail as to what Defendant's alleged failure entails. Doc. 1 at 3.  Plaintiff also alleges that the facility fails to adhere to all the required reach limitations without providing any further detail regarding what part of the facility purportedly fails to adhere to the required reach limitations.  *Id*. at 4.

Moreover, even if the Court were to find that Plaintiff's Complaint was sufficiently specific to state a claim, Plaintiff's Complaint and Motion lack the required specificity for the entry of an injunction. "Pursuant to Rule 65, every injunction must 'state its terms specifically' and 'describe in reasonable detail—and not by referring to the complaint or other document—the act or acts restrained or required.'" *Access for the Disabled, Inc. v. Osceola Enters. Of Kissimmee, Inc.*, 6:09-cv-1805-Orl-31GJK, 2010 WL 2889823, at *1 (M.D. Fla. July 22, 2010) (citing Fed. R. Civ. P. 65(d)(1)). Here, Plaintiff has not provided any such reasonable detail. In fact, Claimant expressly requests a broad, non-specific injunction that enjoins Defendant "from discriminating against individuals with disabilities, [and] clos[es] the subject facility until completion of all alterations necessary to make the premises accessible by individuals with disabilities and otherwise in compliance with the ADA." Doc. 13 at 19. But the "Court simply cannot enjoin a party 'from discriminating against individuals with disabilities' and order compliance with 'all sections' of the ADA." *Access for the Disabled*, 2010 WL 2889823, at *1 ("To be entitled to injunctive relief, Plaintiffs must, at a minimum, specifically identify each architectural barrier that they contend violates the ADA (or its relevant implementing regulations) and offer some evidence as to why the removal of same is readily achievable and beneficial to Plaintiffs.").

In addition to the foregoing, Plaintiff did not plead whether or not Valero Barberville was a pre-existing building.[7] Instead, Plaintiff conditionally pled that "[t]o the extent" that Valero Barberville existed prior to January 26, 1993, Defendant had a continuing obligation to remove

---

[7] A "pre-existing building" under the ADA is one that existed on or before January 25, 1993. *See* 42 U.S.C. § 12183(a)

architectural barriers.[8]  Doc. 1 at 2.  The Eleventh Circuit has stated as follows with regard to the standard to be applied to pre-existing buildings:

> Congress enacted the ADA on January 25, 1993. After this date, facilities have to meet exacting design and implementation standards to be in compliance with the ADA. The ADA imposes different requirements on the owners and operators of facilities that existed prior to its enactment date. For those facilities, the ADA states that discrimination includes a private entity's "failure to remove architectural barriers ... where such removal is readily achievable." 42 U.S.C. § 12182(b)(2)(A)(iv). Where removal is not "readily achievable," failure of the entity to make goods, services and facilities "available through alternative methods if such methods are readily achievable," may constitute discrimination under the ADA. 42 U.S.C. § 12182(b)(2)(A)(v).
>
> The ADA defines "readily achievable" as "easily accomplishable and able to be carried out without much difficulty or expense." 42 U.S.C. § 12181(9). Congress included in the ADA factors to be considered in evaluating whether removal of a barrier is "readily achievable." These factors are (1) nature and cost of the action; (2) overall financial resources of the facility or facilities involved; (3) number of persons employed at such facility; (4) effect on expenses and resources; (5) impact of such action upon the operation of the facility; (6) overall financial resources of the covered entity; (7) overall size of the business of a covered entity; (8) the number, type, and location of its facilities; (9) type of operation or operations of the covered entity, including composition, structure, and functions of the workforce of such entity; and (10) geographic separateness, administrative or fiscal relationship of the facility or facilities in question to the covered entity. *Id*.
>
> . . .
>
> [P]laintiff has the initial burden of production to show (1) that an architectural barrier exists; and (2) that the proposed method of architectural barrier removal is "readily achievable," i.e., "easily accomplishable and able to be carried out without much difficulty or expense" under the particular circumstances of the case. *Colorado Cross* [*Disability Coalition v. Hermanson Family Ltd.*], 264 F.3d [999,] 1007 [(10th Cir. 2001)]. If the plaintiff meets this burden, the defendant then bears the ultimate burden of persuasion that barrier removal is not "readily achievable." *Id.* at 1002-03; *see also White v. Cinemark USA, Inc.*, 2005 WL 1865495 at *6 (E.D.Cal.2005); *Access Now, Inc. v. So. Fla. Stadium Corp.*, 161 F.Supp.2d 1357, 1363 (S.D.Fla.2001); *Ass'n for Disabled Ams., Inc. v. Claypool Holdings, LLC*, 2001 WL 1112109 at *26 (S.D.Ind.2001); *Pascuiti v. New York Yankees*, 1999 WL 1102748 at *4 (S.D.N.Y.1999).

---

[8] Plaintiff also conditionally pled what would have been required had Valero Barberville been constructed or altered after January 25, 1993.  Doc. 1 at 2-3.

*Gathright-Dietrich v. Atl. Landmarks, Inc.*, 452 F.3d 1269, 1272-74 (11th Cir. 2006); *see also Access for the Disabled*, 2010 WL 2889823, at *1 (stating that it was unclear whether Plaintiff had standing to challenge the alleged violations, and explaining that "Plaintiffs may only challenge those barriers that reasonably relate to their particular disabilities and for which removal is readily achievable."). Thus, the undersigned cannot determine what standard to apply, or if Plaintiff has standing, without first knowing if Valero Barberville is a "pre-existing building" under the ADA. But to the extent that Valero Barberville is a "pre-existing building" under the ADA, the undersigned notes that Plaintiff pled, without any factual support, that the resolution of Defendant's alleged violation is readily achievable. Courts in this district have found that:

> alleging that a barrier is readily achievable, without more, is insufficient to establish that removal is, in fact, readily achievable. *See, e.g.*, *Stringham v. Apopka Shopping Ctr., LLP*, No. 6:13–cv–1410–Orl–28GJK, 2013 WL 6891577, at *1 (M.D. Fla. Dec. 31, 2013) (dismissing Title III ADA complaint in part because plaintiff did not provide factual support for his allegation that removal of barriers would be "readily achievable"); *Hoewischer v. Joe's Props., LLC*, No. 3:11–cv–769–J–12MCR, 2012 U.S. Dist. LEXIS 5412, at *8–9 (M.D. Fla. Jan. 18, 2012) (denying motion for default judgment in Title III ADA case in part based on failure to state a claim on which relief may be granted because plaintiff's complaint failed to plead any facts to support the legal conclusion that removal of barriers was "readily achievable."); *Hoewischer v. Park Shopping, Ltd.*, No. 3:10–cv–810–J–37JBT, 2011 WL 4837259, at *4 (M.D. Fla. Oct. 12, 2011) (denying motion for default judgment in Title III ADA case in part because plaintiff's complaint failed to plead any facts to support the legal conclusion that removal of barriers was "readily achievable"); *Larkin v. A & D Ocoee Plaza LLC*, No. 6:15–cv–763–Orl–41KRS, Doc. No. 19, at 6–7 & n. 4–5 (M.D. Fla. Jan. 13, 2016) (recommending denial of motion for default judgment in part because complaint did not include factual support for legal conclusion that removal of barriers was "readily achievable" and rejecting argument that modifications identified in 28 C.F.R. pt. 36 app. C are per se "readily achievable")) (case voluntarily dismissed before the Court ruled on the report and recommendation). *But see Lugo v. 141 NW 20th St. Holdings, LLC*, 878 F. Supp. 2d 1291, 1295 n. 4 (S.D. Fla. 2012) (declining to follow Park Shopping Ltd. and concluding that factual support for "readily achievable" allegation is not required at pleading stage); *Hoewischer v. Cedar Bend Club, Inc.*, 877 F. Supp. 2d 1212, 1226 (M.D. Fla. 2012) (finding that plaintiff adequately pled "readily achievable" element without further factual support where the barriers were similar to those identified in the ADA Title III Technical Assistance Manual).

*Larkin v. Cantu LLC*, No. 6:15-cv-1544-Orl-40KRS, 2017 WL 2684422, at *5 (M.D. Fla. May 31, 2017), report and recommendation adopted, 2017 WL 2672617 (June 21, 2017).  As such, Plaintiff's Motion could also be denied on the basis that Plaintiff failed to plead adequately that the resolutions to Defendant's violations are readily achievable.

Finally, the undersigned notes that Plaintiff's so-called legal memorandum in support of his Motion failed to address any of the foregoing issues, and failed to provide any meaningful discussion of why default judgment was appropriate based upon the well-pled facts in the Complaint.  *See* Doc. 13.  In fact, Plaintiff spends just two pages of the Motion attempting to justify his request for default judgment, and the next 15 pages requesting attorney fees and costs.  *See Paniccia-Indialantic*, 2017 WL 5178182, at *4 ("This Court has long had concerns about the unintended side effects of the mechanism set up by Congress to enforce the ADA.  Without deciding the issue here, the undersigned would not permit recovery of attorney fees for the drafting of an obviously deficient pleading.") (internal citation omitted).

V.     **CONCLUSION**.

Accordingly, for all of the foregoing reasons, the undersigned respectfully **RECOMMENDS** that the Motion (Doc. 13) be **DENIED without prejudice** and that the Court grant Plaintiff leave to file an amended motion for default judgment on or before the thirtieth day after the date the Court enters its Order on this Recommendation.

**NOTICE TO PARTIES**

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or

legal conclusion the district judge adopts from the Report and Recommendation.  *See* 11th Cir. R. 3-1.

Recommended in Orlando, Florida on November 30, 2017.

DANIEL C. IRICK
UNITES STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy