UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JOE HOUSTON,

        Plaintiff,

v.                                                                        Case No. 6:17-cv-1082-Orl-37DCI

FIFO, INC.,

        Defendant.
_____

## ORDER

This cause is before the Court on the following matters: (1) Plaintiff's Motion for Entry of Judgment After Default and Verified Application for Attorney's Fees, Costs, Expert Fees, and Litigation Expenses with Memorandum of Law in Support (Doc. 13); (2) Report and Recommendation (Doc. 16); and (3) Plaintiff's Objection to Report and Recommendation (Doc. 17).

### DISCUSSION

Seeking a permanent injunction, declaratory relief, and "attorney's fees, litigation expenses, and costs pursuant to Title III of the Americans with Disabilities Act" ("**ADA**"), Plaintiff Joe Houston initiated this action against Defendant Fifo, Inc., who is alleged to be either the owner, lessor, lessee, *or* operator of a "public accommodation . . . known as Valero Barberville, Hwy 17, Barberville, FL 32105" ("**Valero**"). (Doc. 1, pp. 1–2, 8–9.) When Defendant failed to appear in this action after proof of service was filed (Doc. 6), Plaintiff successfully sought entry of a clerk's default under Federal Rule of Civil

Procedure 55(a) (*see* Docs. 11, 12). Citing Rules 55(b)(2) and 54(d), Plaintiff then moved for final default judgment, an award of litigation expenses, costs and attorney's fees,[1] and for an order closing Valero "until completion of all alterations necessary to make the premises" compliant with the ADA and permanently enjoining Defendant "from discriminating against individuals with disabilities." (*See* Doc. 13 ("**Motion**").)

On referral, U.S. Magistrate Judge Daniel C. Irick ("**Judge Irick**") issued a report and recommendation ("**Report**"), which recommends that the Court deny the Motion without prejudice and grant Plaintiff leave to refile. (Doc. 16, p. 10.) This recommendation is based on findings that: (1) Plaintiff did not establish his ADA claim "through well-pled facts" in the Complaint (*id.* at 5–6); (2) the "Complaint and Motion lack the required specificity for the entry of an injunction;" and (3) the injunction sought by Plaintiff is too "broad" and "non-specific" (*id.* at 7). Judge Irick further found that the Complaint: (1) "provided virtually no well-pled facts to support . . . conclusory allegations" that Valero is a "public accommodation" and that Defendant "owns, leases, leases to, or operates" Valero (*id.* at 6); (2) provided only "vague and conclusory" allegations concerning any non-compliance with the ADA and its regulations (*id.* at 6–7); and (3) did not plainly state whether Valero was "a pre-existing building" and provided no allegations concerning whether the resolution of any pre-existing building violations is "readily achievable" (*id.* at 8–10 ).

---

[1] According to Local Rule 4.18, "all claims for costs or attorney's fees . . . shall be asserted *by separate motion or petition* filed not later than fourteen (14) days following the entry of judgment."

After "de novo" review of those portions of the Report to which objection is made, the Court may accept, reject, or modify the Report "in whole or in part." *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). In his timely objections ("**Objections**"), Plaintiff does not address Judge Irick's proposed findings concerning Plaintiff's specific pleading deficiencies or the improper breadth of his requested injunction. (Doc. 17.) Rather, Plaintiff argues generally that the Report is: (1) "inconsistent with the requirements of notice pleading;" and (2) is supported by a "single case" that "would impose a burden on Plaintiff over and above what is required by the Federal Rules of Civil Procedure." (*See id*. at 5–6.)

Upon de novo review, the Court finds that Plaintiff's Objections are meritless. Notably, Plaintiff does not distinguish or even identify the "single case" referenced in the Objections. This is quite problematic given that the Report actually discusses multiple persuasive and on-point decisions from district courts in the U.S. Court of Appeals for the Eleventh Circuit, including: *Kennedy v. Paniccia-Indialantic, LLC*, No. 6:16-cv-2208-31DCI, 2017 WL 5178182 (M.D. Fla. Nov. 8, 2017), *Cohan v. Sparkle Two, LLC*, 309 F.R.D. 665 (M.D. Fla. 2015), *Access for the Disabled, Inc. v. Osceola Enterps. of Kissimmee, Inc.*, No. 6:09-cv-1805-Orl-31GJK, 2010 WL 2889823 (M.D. Fla. Jul. 22, 2010), and *Larkin v. Cantu LLC*, No. 6:15-cv-1544-Orl-40KRS, 2017 WL 2684422, at *1 (M.D. Fla. May 31 2017), *adopted by* 2017 WL 2672617 (M.D. Fla. June 21, 2017).[2] (*See* Doc. 17, pp. 5–10.)

---

[2] The cases cited in the Report are in accord with many other decisions entered in ADA cases filed in this Court. *See Kennedy v. Taco City 3, Inc.*, No. 17-cv-634-Orl-40DCI, 2018 WL 798219, at *2 (M.D. Fla. Feb. 9, 2018) (same); *Hoewischer v. Joe's Props., LLC*, No. 3:11-cv-769-J-12MCR, 2012 WL 139319, at *4 (M.D. Fla. Jan. 18, 2012) (denying motion

Rather than address—or even acknowledge—this pertinent authority, Plaintiff cites decisions from the U.S. Courts of Appeal for the Second, Third, Sixth, and Seventh Circuits, and from U.S. District Courts in Louisiana and New Jersey. (*See* Doc. 17.) None of these decisions concern a request for default judgment or injunctive relief; and worse yet, Plaintiff misrepresented several of his cited decisions. For instance, Plaintiff contends "allegations of [a] similar complaint were sufficient to withstand dismissal" by the court in *Hoewischer v. Khazraee*, No. 3:11-cv-264-J-34MCR, at Doc. 15 (M.D. Fla. Nov. 1, 2011). (*See* Doc. 17, p. 3.) In fact, the "holding" described by Plaintiff was set forth in a report and recommendation ("*Hoewischer* Report"), which *was not adopted* by U.S. District Judge Marcia Morales Howard. *See Hoewischer*, at Docs. 15, 22. Plaintiff omits this fact and ignores that, upon consideration of the *Hoewischer* Report and complaint, Judge Howard required that plaintiff "file an amended complaint setting forth his claim for relief with greater specificity." *See id*. at Doc. 22. Under these circumstances, Plaintiff's reliance on *Hoewischer* is quite troubling.[3]

---

for final default judgment and finding that the ADA plaintiff's conclusory allegations were insufficient to support demand for the extraordinary remedy of permanent injunctive relief); *Hoewischer v. Park Shopping, Ltd.*, No. 3:11-cv-769-J-12MCR, 2011 WL 4837259, at *4 (M.D. Fla. Oct. 12, 2011) (finding allegations of ADA complaint "too conclusory . . . to support a default judgment").

[3] The Court is similarly troubled by Plaintiff's representations that the courts in *Dempsey v. Harrah's Atlantic City Operating Co., LLC*, No. 08-5237, 2009 WL 250274 (D.N.J. Feb. 2, 2009) and *Brown v. Showboat Atlantic City Propco, LLC*, No. 08-5154, 2009 WL 690925 (D.N.J. Mar. 11, 2009), denied "analogous requests by the respective defendants for a more definite statement" and "found that the complaints, which were no more detailed than that in the case at bar, were pled with sufficient specificity." (Doc. 17, pp. 3–4.) First, a request for more definite statement is not analogous to requests for entry of a permanent injunction, final default judgment, and an award of costs and fees in excess of $10,000.00. Second, in *Dempsey* the court actually *granted* the motion for

Contrary to the Objections, the Court finds that the Report provides thoughtful reasoning and prudent recommendations based on pertinent authority. (*See* Doc. 16.) As such, it is due to be approved and adopted with one exception—the Court does not agree that Plaintiff should be granted leave to file another motion for final default and for injunctive relief because any such motion would be premised on Plaintiff's deficient defaulted Complaint. This problem could be remedied if Plaintiff had filed an Amended Complaint, served the Amended Complaint on Defendant, and obtained a new Rule 55(a) default; but, he did not do so. In lieu of an Amended Complaint, Plaintiff filed suspect and ineffectual Objections. Under these circumstances, the Court finds that the Motion is due to be denied and the Complaint is due to be dismissed without leave to amend.

## CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** that:

(1) Plaintiff's Objection to the Report and Recommendation (Doc. 17) is **REJECTED**.

(2) As set forth in this Order, the Report and Recommendation (Doc. 16) is **APPROVED AND ADOPTED IN PART**.

---

more definite statement to the extent that the *Dempsey* defendant sought facts necessary to establish standing. *Dempsey*, 2009 WL 250274, *4–*5 (denying the request to the extent it sought information that should be obtained in discovery, such as the "precise details of plaintiff's disability, when he visited [the] facility, how long he stayed, etc."). Further, Plaintiff ignores that the *Brown* court explicitly stated that the *Brown* defendant filed an answer before it requested a more definite statement. *Brown*, 2009 WL 690625, at *3 (noting that it is "disingenuous for defendant to argue it cannot frame a response to plaintiff's complaint after it already filed an answer").

(3) Plaintiff's Motion for Entry of Judgment After Default and Verified Application for Attorney's Fees, Costs, Expert Fees, and Litigation Expenses with Memorandum of Law in Support (Doc. 13) is **DENIED**.

(4) The Complaint (Doc. 1) is **DISMISSED**.

(5) The Clerk of the Court is directed to **CLOSE** this file.

**DONE AND ORDERED** in Orlando, Florida, this 14th day of March, 2018.

ROY B. DALTON JR.
United States District Judge

Copies to:

Counsel of Record